UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ACA INTERNATIONAL, <br> Plaintiff, <br><br> v. <br><br> MAURA HEALEY, in her official capacity <br> as the Attorney General of Massachusetts, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 20-cv-10767-RGS |

**DEFENDANT MAURA HEALEY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

The defendant, Attorney General Maura Healey, respectfully submits this post-hearing memorandum to address one point that emerged during last week's motion hearing and in the plaintiff's supplemental memorandum (ECF #25).

The plaintiff argues (ECF #25 at 14) that, in view of McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775 F.3d 109 (1st Cir. 2014), the Attorney General acted without authority, and inconsistently with federal law, in promulgating the Regulation. But the Court of Appeals in McDermott merely observed that the Attorney General's rulemaking authority "does not extend so far as to permit her to allow a plaintiff to show that a defendant has violated an independent statute in lieu of satisfying Chapter 93A's substantive requirements of showing the complained-of act was both unfair [or] deceptive and that it occurred in trade or commerce."[1]  Id.

---

[1] Although McDermott addressed the scope of the Attorney General's rulemaking authority, that case was a damages action between private parties; the plaintiff's G.L. c. 93A claim was before the federal courts on the basis of supplemental jurisdiction, a basis that the defendant never challenged.  See McDermott, 775 F.3d at 114 & n.5.  Accordingly, McDermott is inapposite to the issue of whether the Eleventh Amendment, as interpreted by Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984), deprives this Court of jurisdiction over the plaintiff's state-law claims here.  See ECF #24 at 10-11.

1

at 120 (internal citation omitted).

Here, the Regulation—including its temporary moratorium on filing new debt collection lawsuits, 940 C.M.R. § 35.03(1)(a)—targets acts that, under the current circumstances, are inherently "unfair." As discussed at last week's hearing, the pandemic has confined most citizens of Massachusetts to their homes, permitting them to venture out in public only to obtain basic necessities or perform essential work, requiring them to wear a face mask when they do, and imposing real and perceived dangers of contracting the coronavirus at every public interaction. Even under non-pandemic circumstances, a threatened or filed debt collection lawsuit can cause a consumer to submit to paying a debt that he or she may not owe. See Affidavit of Max Weinstein (ECF #24-2) ¶ 42. Under the current circumstances, a creditor's mere threat to initiate such a suit—combined with the necessity for in-person interactions that such a suit implies—is likely to have an <u>in terrorem</u> effect on consumers, causing them to settle the debt under the undue influence of the risk of having to venture out in public to court.[2] Thus, in the same way that, in non-pandemic circumstances, a debt collector's filing a claim in a distant forum is unfair because it increases the likelihood of consumer default, 15 U.S.C. § 1692i(a)(2), a threat to file <u>any</u> debt collection suit in the present circumstances is unfair and unduly influential because many consumers are likely to believe that they will either have to meet a collector's demands, or risk potential infection if they want to defend themselves in court.

In a manner indistinguishable from § 35.03, the federal government and numerous state governments have not only enacted the legislation described in the Attorney General's opening

---

[2] Even though the Commonwealth's district courts are effectively closed for in-person business except for limited "emergency" matters, it is entirely reasonable to believe that the average consumer is not up-to-date on the courts' operating procedures, and may instead think that she would need to go to a busy courthouse to defend against a debt collection suit.

memorandum (ECF #24 at 22), but also have decreed, through gubernatorial order, temporary moratoria on the commencement of foreclosure, eviction, and repossession litigation.³  The Regulation's temporary moratorium on filing debt collection lawsuits, like those foreclosure and eviction moratoria, is time-limited and therefore does not permanently deprive creditors or debt collectors of the right to petition a court for relief.  And, because all state statutes of limitations have been tolled, no creditor will find itself without legal recourse for recovery of alleged debts. Taken together, and in light of precedents such as Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398 (1934) and Block v. Hirsh, 256 U.S. 135 (1921), these features square § 35.03's temporary moratorium on filing new debt collection lawsuits with the First Amendment's petitioning right.

---

³ See, e.g., Del. Governor's Sixth Modification of Declaration of Emergency, §§ B(1)(a) & C(1) (Mar. 25, 2020) (prohibiting commencement of most actions for residential eviction and residential foreclosure through May 15 or for duration of declared emergency), available at : https://governor.delaware.gov/health-soe/sixth-state-of-emergency/; Ind. Governor's Executive Order No. 20-06 ¶ 1 (Mar. 19, 2020) (prohibiting initiation of residential eviction or foreclosure actions or proceedings for duration of declared emergency), available at: https://www.in.gov/gov/files/EO_20-06.pdf ; Iowa Governor's Declaration of Emergency § 2 (Mar. 22, 2020) (temporarily suspending statutory cause of action to commence foreclosure proceeding), available at: https://governor.iowa.gov/sites/default/files/documents/Public%20Health%20Proclamation%20-%202020.04.24.pdf; N.H. Governor's Emergency Order #4 Pursuant to Exec. Order 2020-04 ¶¶ 1 & 3 (Mar. 17, 2020) (prohibiting initiation of eviction proceedings and judicial and non-judicial foreclosure actions for duration of declared emergency), available at: https://www.governor.nh.gov/news-media/press-2020/documents/emergency-order-4.pdf; Wis. Governor's Emergency Order #15, ¶¶ 3 & 7 (Mar. 27, 2020) (prohibiting commencement of most civil actions for eviction and foreclosure, respectively, for 60 days), available at: https://evers.wi.gov/Documents/COVID19/EO15BanonEvictionsandForeclosures.pdf; see also D.C. Act 23-286, § 207 (Apr. 10, 2020) (amending D.C. Official Code ss 28-3814 to prohibit initiation of, filing of, or threat to file debt collection lawsuit during public health emergency and for 60 days thereafter); Iowa Governor's Proclamation of Disaster Emergency, § 26 (Apr. 24, 2020) (temporarily suspending statutory cause of action to commence action to recover personal property serving as collateral for nonpayment of debt), available at: https://governor.iowa.gov/sites/default/files/documents/Public%20Health%20Proclamation%20-%202020.04.24.pdf.

The vehemence with which the plaintiff attacks the Regulation undermines its contention (ECF #25 at 3) that the Regulation "accomplishes nothing material." To the contrary, the substantive provisions of the Regulation are, for the time-limited period they are in effect, more consumer-protective than either the Attorney General's ordinary debt collection regulations (940 C.M.R. § 7.00) or the FDCPA. This result is both commensurate to the circumstances and thoroughly consistent with federal consumer protection law. See 15 U.S.C. § 1692(e) ( "State action to protect consumers against debt collection abuses" is to be "promote[d]") & § 1692n (state laws will not be deemed "inconsistent" with federal law so long as "the protection such [state] law affords any consumer is greater than the protection provided by [the FDCPA]").

|  |  |
|---|---|
|  | Respectfully submitted,<br>MAURA HEALEY<br>ATTORNEY GENERAL |
|  | By her attorneys: |
| May 4, 2020 |     /s/ Eric A. Haskell<br>Jennifer E. Greaney, BBO No. 643337<br>Eric A. Haskell, BBO No. 665533<br>Assistant Attorneys General<br>One Ashburton Place<br>Boston, Mass.  02108<br>(617) 963-2855<br>eric.haskell@mass.gov |

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document will be sent electronically by the ECF system to attorneys of record identified on the Notice of Electronic Filing.

|  |  |
|---|---|
|  | /s/ Eric A. Haskell |
| May 4, 2020 | Eric A. Haskell<br>Assistant Attorney General |