## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ACA INTERNATIONAL,

        Plaintiff,

        v.

MAURA HEALEY, IN HER OFFICIAL
CAPACITY AS MASSACHUSETTS
ATTORNEY GENERAL

        Defendant.

Civil Action No. 1:20-cv-10767-RGS

## PLAINTIFF'S UNOPPOSED  MOTION FOR CLARIFICATION ON ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTOIN

Plaintiff ACA International hereby respectfully moves for the Court to clarify that its Memorandum and Order on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Docket Entry No. 28, hereinafter "Order") entered a preliminary injunction, rather than a temporary restraining order.

The reason for this request is that ACA's motion requested the entry of a temporary restraining order and preliminary injunction (*see* Order at 1); the Court's Order stated that it "enter[ed] a temporary restraining order enjoining the Attorney General from enforcing. . . the entirety of 940 CMR 35.04[.]"  (Order at 28-29.)  The Court's Order also stated that it was "enjoin[ing] the Attorney General from enforcing 940 CMR 35.03 in so far as it bars the defined debt collectors from bringing enforcement actions in the state and federal courts of Massachusetts."  (Order at 29.) Although Plaintiff interprets the Court's Order to have entered a preliminary injunction, and although the Order was not expressly limited to a 14-day duration as described in Federal Rule of Civil Procedure 65(b)(2), at least one commentator has construed

the Order to only be only a temporary restraining order of a limited duration unless extended.

*See* https://www.stateaginsights.com/2020/05/11/maura-healeys-covid-19-debt-collection-ban-struck-down/ (accessed May 14, 2020).  In order to avoid the potential for confusion and improper reliance or decision-making by creditors, debt collectors, consumers, and the general public, Plaintiff requests that the Court issue a clarification that its Order entered a preliminary injunction, rather than a temporary restraining order.

The Defendant, Maura Healey, in her Official Capacity as Massachusetts Attorney General, does not oppose the relief requested by this motion.

Dated:  May 20, 2020.

Respectfully submitted,

ACA INTERNATIONAL

By its attorneys,

*/s/ David M. Bizar*
David M. Bizar (BBO# 566795)
Seyfarth Shaw LLP
Seaport East, Suite 300
Two Seaport Lane
Boston, MA 02210-2028
Telephone:  (617) 946-4874
Fax:  (617) 790-5368
Email:  dbizar@seyfarth.com

Robert J. Carty, Jr. (admitted *pro hac vice*)
Seyfarth Shaw LLP
700 Milam Street
Suite 1400
Houston, TX 77002
Telephone:  (713) 225-2300
Fax:  (713) 225-2340
Email:  rcarty@seyfarth.com

## CERTIFICATE OF CONFERENCE WITH RULE 7.1

I hereby certify in accordance with Local Civil Rule 7.1 that on May 19 and 20, 2020, I conferred with counsel for Defendant and attempted in good faith to resolve or narrow the issue presented in this motion, and that counsel for Defendant has stated that Defendant does not oppose the relief requested by the motion.

*/s/ David M. Bizar*
David M. Bizar

## CERTIFICATE OF SERVICE

I certify this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 20, 2020.

*/s/ David M. Bizar*
David M. Bizar