UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ACA INTERNATIONAL,                      )
            Plaintiff,                  )
                                        )
      v.                                )    Civil Action No. 20-cv-10767-RGS
                                        )
MAURA HEALEY, in her official capacity  )
as the Attorney General of Massachusetts, )
            Defendant                    )
_____)

### DEFENDANT ATTORNEY GENERAL MAURA HEALEY'S
### MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendant Attorney General Maura Healey, sued in her official capacity, respectfully

requests dismissal of this case, pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that it has

become moot.  Specifically, Attorney General Healey states:

### Background

1.      On March 26, 2020, the Attorney General promulgated emergency consumer

protection regulations (the "Regulations"; complete copy included in ECF # 24-2), which were

codified at 940 C.M.R. §§ 35.00 et seq. and which deemed certain practices by creditors and debt

collectors to be "unfair or deceptive," and thus prohibited under Mass. G.L. c. 93A, § 2.

2.      Among other things, the Regulations deemed it unfair or deceptive: (A) for a

creditor to "initiate, file, or threaten to file any new collection lawsuit" (with certain exceptions),

940 C.M.R. §§ 35.03(1)(a) & (2); and (B) for a debt collector to "initiate a communication with

any debtor via telephone  . . . to the debtor's residence, cellular telephone, or other telephone

number provided by the debtor as his or her personal telephone number" (again, with certain

exceptions).  940 C.MR. §§ 35.04(1) & (3).

3.      The Regulations were promulgated as emergency measures under the Massachusetts Administrative Procedures Act.  See 940 C.M.R. § 35.01.  As such, they were forbidden by state law from "remain[ing] in effect for longer than three months . . . ."  Mass. G.L. c. 30A, § 2.  The Regulations' substantive provisions also stated that they would remain in effect only "[f]or the 90 days following March 26, 2020 or until the State of Emergency Period[1] expires, whichever occurs first."  940 C.M.R. § 35.03(1); 940 C.M.R. § 35.04(1).

4.      On April 20, 2020, the plaintiff, a trade association of debt collectors, filed a complaint in this matter claiming that the aspects of the Regulations described above in paragraph 2 contravened the First Amendment and other federal laws.[2]  See generally Complaint (ECF #2).  The plaintiff sought declaratory relief to that effect.  Id. at Prayers A, B, E, & F.  It also sought an injunction "enjoining the [Attorney General] from enforcing the Regulation against creditors and debt collectors[.]"  Id. at Prayer I.

5.      The plaintiff sought preliminary relief and, on May 6, this Court found that the challenged aspects of the Regulation were likely to violate the First Amendment and entered a preliminary injunction barring the Attorney General from enforcing those aspects.[3]  ECF # 28.

6.      In accordance with their own terms and with Massachusetts law, the Regulations expired and ceased to have effect on June 24, 2020.

---

[1] The Regulations defined "state of emergency period" to mean the gubernatorially-declared state of emergency, plus thirty days.  940 C.M.R. § 35.02.

[2] The complaint also claimed that the Regulations contravened various state laws.  See ECF #2 at ¶¶ 79-82, 88-105.  These claims were later found by this Court to be beyond a federal court's "power" to adjudicate based on considerations of Eleventh Amendment sovereign immunity, comity, and federalism.  ECF #28 at 8-10.

[3] Although initially styled as a temporary restraining order, see ECF #28 at 28, this Court later clarified that the order also imposed a preliminary injunction.  See ECF #32.

### The Plaintiff's Claims for Relief Are Moot

7.      The "case or controversy" requirement of Article III requires that a live

controversy be "extant at all stages of the review, not merely at the time the complaint is filed."

Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974).  A controversy ceases to be "live," and thus

becomes moot, when "the court cannot give any effectual relief to the potentially prevailing

party."  Town of Portsmouth, R.I. v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016).  "Even if an actual

case or controversy exists at the inception of litigation, a case may be rendered moot (and,

therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual

relief."  United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004) (quoting Me. Sch. Admin. Dist.

No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 17 (1st Cir. 2003)).

8.      Due to the focus on whether a court can provide effectual relief, mootness

typically is analyzed with respect to each form of relief sought.

### The Plaintiff's Request for Declaratory Relief Is Moot

9.      A claim for declaratory relief will withstand a mootness challenge only where it

presents a substantial controversy of "sufficient immediacy and reality to warrant the issuance of

a declaratory judgment."  Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic

Bishops, 705 F.3d 44, 53–54 (1st Cir. 2013) ("ACLU") (quoting Preiser v. Newkirk, 422 U.S.

395, 402 (1975)).  Challenges to "government regulatory schemes which have expired or been

effectively repealed" do not present such a controversy.  Id. at 53; New England Reg'l Council

of Carpenters v. Kinton, 284 F.3d 9, 18 (1st Cir. 2002) ("[I]t would be pointless either to enjoin

the enforcement of a regulation that is no longer in effect or to declare its constitutional status.").

10.     Here, the plaintiff seeks declaratory judgments that each challenged Regulation

"is invalid because it violates the First Amendment to the United States Constitution" or another

federal law.  ECF #2 at Prayers A, B, E, & F.  But the Regulations have expired by their own terms and under state administrative law, and are no longer in effect.  As such, the plaintiff's sought-after declaratory judgments would provide it no effectual relief, and are moot.  See, e.g., Town of Portsmouth, 813 F.3d at 59 (request for declaration that collection of bridge tolls is unlawful became moot when, during pendency of case, legislation authorizing such collection was repealed).

11.    The plaintiff may seek to avoid this conclusion by arguing that it is entitled to a declaration that, during the period the Regulations were in effect, they were contrary to the First Amendment and other federal laws.  But such a retrospective declaration is barred by the Eleventh Amendment and would not present any live controversy.

12.    The Eleventh Amendment bars suits in federal courts against unconsenting states and state officials.  Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002).  This principle of sovereign immunity is "subject to a well recognized exception, memorialized in Ex parte Young, [209 U.S. 123 (1908)]," that "allows federal courts  . . . [to] enjoin state officials to conform future conduct to the requirements of federal law."  Id.  But "Young's applicability has been tailored to conform as precisely as possible to those specific situations in which it is necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States."  Papasan v. Allain, 478 U.S. 265, 277 (1986).

13.    Specifically, the Supreme Court has "refused to extend the reasoning of Young . . . to claims for retrospective relief."  Green v. Mansour, 474 U.S. 64, 68 (1985).  It has reasoned that prospective remedies "designed to end a continuing violation of federal law" are indeed "necessary to vindicate the federal interest in assuring the supremacy of that law."  Id.

4

Retrospective remedies, in contrast, "are insufficient to overcome the dictates of the Eleventh Amendment"—regardless of any interest a claimant may have in receiving compensation, deterring future violations of federal law, or obtaining a favorable federal judgment that it could later use as res judicata in some other proceeding.  Id. at 68 & 73.

14.     Thus "[t]he pivotal question is whether the [sought-after] relief serves directly to bring an end to a present violation of federal law."  Whalen v. Mass. Trial Court, 397 F.3d 19, 29 (1st Cir. 2005); accord Va. Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 255 (2011) ("In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.").

15.     Here, the Regulations' expiration has eliminated any conceivable ongoing violation of federal law.  And any declaration that federal law was violated by the Attorney General's past actions (e.g., her promulgation, maintenance, enforcement, or non-rescission of the Regulations while they were in effect) would form the sort of retrospective relief that the Eleventh Amendment bars.  See, e.g., P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Young exception "does not permit judgments against state officers declaring that they violated federal law in the past"); Green, 474 U.S. at 73 (where plaintiffs alleged that state officials misconstrued federal law in calculating benefits under federal statutory program, but Congress amended relevant statutes while case was pending, affirming district court's dismissal of complaint on grounds that claims for prospective relief were moot and claims for "declaratory judgment that [officials] violated federal law in the past" were barred by Eleventh Amendment); Doucette v. Ives, 947 F.2d 21, 30-31 (1st Cir. 1991) (award of

declaratory relief to plaintiffs who were adversely affected by unlawful regulation concerning benefit program at time complaint was filed, but who became ineligible for that program prior to entry of final judgment, would "relate[] to past violations of federal law and is therefore barred by the Eleventh Amendment").

## The Plaintiff's Request for Injunctive Relief Is Moot

16.     The plaintiff also seeks a permanent injunction "enjoining [the Attorney General] from enforcing the Regulation[s] against creditors and debt collectors."  ECF #2 at Prayer I.

17.     But, because the Regulations have expired, "there is no ongoing conduct to enjoin."  Town of Portsmouth, 813 F.3d at 58.  As such, "a court can provide no meaningful relief to the challenging party since, once the plan [has] cease[d] to be operative, there is no plan left to enjoin . . . ."  Davidson v. Howe, 749 F.3d 21, 26 (1st Cir. 2014) (request for injunction to prevent execution of state administrative plan became moot when, during pendency of case, plan was acted upon); accord Town of Portsmouth, 813 F.3d at 58 (request for injunction to prevent collection of bridge tolls became moot when, during pendency of case, legislation authorizing such collection was repealed); accord Reid, 369 F.3d at 625 (request for injunction to prevent enforcement of federal regulation governing pretrial detainee's access to certain news articles became moot when, during pendency of case, regulation expired by its own terms).

## The "Capable of Repetition, Evading Review" Exception Does Not Defeat Mootness Here

18.     An otherwise moot case may be adjudicated where "a plaintiff can show that (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subject to the same action again."  ACLU, 705 F.3d at 57.

19.     Here, there is no indication that the Regulations might be re-promulgated in a

form identical to the original Regulations.[4]  As such, the only basis for any alleged "reasonable

expectation" that the plaintiff will be subject to the Regulations again is a "mere speculative

possibility of repetition"—which "cannot avoid application of the mootness doctrine."

Newspaper Guild of Salem, Local 105 of the Newspaper Guild v. Ottaway Newspapers, Inc., 79

F.3d 1273, 1278 (1st Cir. 1996).

### The "Voluntary Cessation" Exception Does Not Defeat Mootness Here

20.     An otherwise moot case may also be adjudicated where "a defendant voluntarily

ceases the challenged practice in order to moot the plaintiff's case, and there exists a reasonable

expectation that the challenged conduct will be repeated following dismissal of the case."  Town

of Portsmouth, 813 F.3d at 59.  Because the purpose of this exception "is to deter a manipulative

[defendant] from immunizing itself from suit indefinitely," the "exception ordinarily does not

apply where the voluntary cessation occurred for reasons unrelated to litigation."  Id.

Specifically, the exception does not apply where a challenged enactment expires on its own

terms, without the defendant intentionally bringing about its expiration.  ACLU, 705 F.3d at 55.

21.     Here, the Regulations were expressly time limited prior to the commencement of

this action, and expired by their own terms while this action was pending.  See id. (voluntary

cessation exception does not apply if this is true).  And, as noted with respect to the "capable of

repetition yet evading review" exception, the plaintiff cannot offer anything more than

speculation that the Attorney General would promulgate identical or substantially similar

---

[4] Promulgation of a wholly new regulation, different in scope and/or based on new factual developments, would not be the "same action" for purposes of the "capable of repetition" exception.  See, e.g., Reid, 369 F.3d at 627; Gulf of Me. Fisherman's Alliance v. Daley, 292 F.3d 84, 90 (1st Cir. 2002).

Regulations after this case is dismissed.  <u>Town of Portsmouth</u>, 813 F.3d at 59 (voluntary cessation exception requires "reasonable expectation that the challenged conduct will be repeated following dismissal of the case").  Therefore, the "voluntary cessation" exception to mootness has no application here.

WHEREFORE, defendant Attorney General Healey respectfully requests dismissal of this case on the ground that it has become moot.

<div style="margin-left:40%">

Respectfully submitted,
MAURA HEALEY
ATTORNEY GENERAL

By her attorney:

</div>

October 23, 2020

<div style="margin-left:45%">

*/s/ Eric A. Haskell*
_____
Eric A. Haskell, BBO No. 665533
Assistant Attorney General
One Ashburton Place
Boston, Mass.  02108
(617) 963-2855
eric.haskell@mass.gov

</div>

## CERTIFICATES

I certify that a true copy of this document will be served electronically via the ECF system on attorneys of record identified on the Notice of Electronic Filing.

Pursuant to LR 7.1(a)(2), I further certify that I have conferred with opposing counsel of record in a good-faith attempt to resolve or narrow the issues presented by this motion.

<div style="margin-left:45%">

*/s/ Eric A. Haskell*
_____

</div>

October 23, 2020

<div style="margin-left:45%">

Eric A. Haskell
Assistant Attorney General

</div>